**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| LOREN BARTLEY,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR FINANCIAL GROUP, INC. d/b/a MONEY MART FINANCIAL SERVICES GROUP,<br><br>Defendant, | Case No. 3:26-cv-01367 |

**COMPLAINT**

**NOW COMES,** LOREN BARTLEY, ("Plaintiff"), by and through the undersigned attorney, complaining of DOLLAR FINANCIAL GROUP, INC. d/b/a MONEY MART FINANCIAL SERVICES GROUP as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act, ("TCPA"), pursuant to 47 U.S.C. § 227 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Florida Statue § 559.55 *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), pursuant to Fla. Stat. § 501.201 *et seq.*

**JURISDICTION AND VENUE**

2. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the TCPA is a federal statute.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age, who at all times relevant resided in Jacksonville, Florida

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant ("Defendant") is a financial institution that offers loans and other financial services to consumers across the nation.

8. Defendant regularly conducts business in Florida by extending credit and loans to Florida residents.

## FACTUAL ALLEGATIONS

9. In or around 2026, Plaintiff took out a loan with Defendant ("subject debt").

10. In or around April 2026, Defendant began placing incessant collection calls to Claimant's cellular phone number ending in 2414.

11. On or around May 8, 2026, Plaintiff answered one of Defendants calls and explicitly requested that Respondent cease its collection calls.

12. Despite Claimant's requests that the calls cease, Respondent continued placing harassing collection calls to Claimant's cellular phone.

13. Upon information and belief, Respondent utilized a prerecorded and/or artificial voice in some of the calls that it placed to Claimant's cellular phone number.

14. Respondent's harassing conduct denied Claimant the ability to quietly enjoy his peace and solitude, as his life was constantly upended by Respondent's persistent and repeated collection efforts.

15. Respondent's conduct caused Claimant damages, including: aggravation that accompanies unwanted phone calls, increased risk of personal injury resulting from the distraction caused by the phone calls, nuisance, annoyance, wear and tear to Claimant's cellular phone, loss of battery charge, loss of concentration, mental anguish, the per-kilowatt electricity costs required to recharge Claimant's cellular telephone as a result of increased usage of Claimant's telephone services, and wasting Claimant's time.

16. Moreover, each time Respondent placed a phone call to Claimant's cellular phone, Respondent occupied Claimant's cellular phone such that Claimant

was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing

17. Claimant was forced to initiate legal action against Respondent to compel Respondent to cease its collection calls.

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

1. Plaintiff expressly adopts and incorporates paragraphs 1-17 herein as though fully set forth herein.

2. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

3. Defendant placed or caused to be placed numerous non-emergency text messages, including but not limited to the text messages referenced above, to Plaintiff's cellular phone numbers using an automatic telephone dialing system ("ATDS") or an artificial or pre-recorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

4. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on his cellular telephone.

5. Upon information and belief, based on the lack of prompt human response during the text messages in which Plaintiff answered and the automated messages used by Defendant, Defendant used automated technology to place text messages to Plaintiff's cellular phone.

6. As pled above, Plaintiff never provided his cellular phone numbers to Defendant and therefore Defendant never had consent to place text messages to Plaintiff's cellular phone numbers.

7. As pled above, Plaintiff was severely harmed by Defendant's unauthorized text messages to his cellular phone using automated technology.

8. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phone.

9. Upon information and belief, Defendant has no policies and procedures in place to honor cease-text requests made by consumers.

10. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

11. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

12. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

13. As a result of Defendant's knowing and willful violations of 47 U.S.C. § 227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, Loren Bartley, respectfully requests the following relief:

A. a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B. an order enjoining Defendant from placing further unlawful calls to Plaintiff;

C. an award of $500.00 in damages for each violation;

D. an award of treble damages up to $1,500.00 for each violation; and

E. any further relief this Arbitrator deems just and proper.

## COUNT II:

## Violations of the Florida Consumer Collection Practices Act (Fla. Stat. § 559.55)

14. Plaintiff expressly adopts and incorporates paragraphs 1-17 herein as though fully set forth herein.

15. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

16. Defendant is a "creditor" as defined by Fla. Stat. § 559.55(5).

17. Defendant's collection text messages to Plaintiff were "communication[s]" as defined by Fla. Stat. § 559.55(2).

18. The FCCPA, pursuant to Fla. Stat. § 559.55(7), declares in unlawful for a person collecting consumer debts to "[w]illfully communicate with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family."

19. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after Plaintiff requested that the collection calls cease. Defendant was specifically notified by Plaintiff to stop contacting him, but it refused to do so. Any consent Plaintiff may have given to Defendant was explicitly revoked by his demands that Defendant cease contacting him. However, Defendant purposefully ignored Plaintiff's prompts and placed dozens of collection calls to Plaintiff.

20. Defendant conducts the above-described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from

frequently ringing with unwanted collection calls. Every phone call uses some of the phone owner's time and mental energy, both of which are precious.

21. Defendant's conduct constitutes deceptive and unfair conduct. Despite the clearly unlawful nature of Defendant's conduct and Plaintiff's demands to stop such conduct, Defendant nevertheless persisted in its contacts attempts towards Plaintiff as part of its overarching deceptive and fraudulent scheme of harassing consumers through repeated calls despite the absence of lawful ability to place such collection calls.

22. In addition to inhibiting Plaintiff's time and energy, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. a judgment in Plaintiff's favor for Defendant's violations of the FCCPA;

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violations of the FCCPA;

c. an award of statutory damages in the amount of $1,000.00;

d. an award of reasonable attorney's fees and costs; and

e. any further relief this Arbitrator deems just and proper

## **COUNT III – VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

18. Plaintiff expressly adopts and incorporates paragraphs 1-17 herein as though fully set forth herein.

19. The transactions giving rise to these claims constitute "trade or commerce" defined by Fla. Stat. § 501.203(8).

20. Pursuant to the FDUTPA § 501.204(1), "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

21. The provisions of the FDUTPA "shall be construed liberally to . . . protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." *See* Fla. Stat. § 501.202(2).

22. Violations of the FDUTPA further consider the rules promulgated in connection with the Federal Trade Commission Act, the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts, as well as any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. *See* Fla. Stat. § 501.203.

23. Defendant violated the FDUTPA by continuously contacting Plaintiff after it was informed their communications were not welcome.

24. Defendant's conduct was unfair and deceptive because such behavior was designed with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

25. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor and against Defendant;

b. An award of actual damages in an amount to be determined at evidentiary hearing pursuant to the Fla. Stat. § 501.211(2);

c. An award of punitive damages;

d. An award of Plaintiff's costs and reasonable attorneys' fees pursuant to Fla. Stat. § 501.2105;

e. Award any other relief this Honorable Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: May 25, 2026 Respectfully submitted,

*/s/ Maxwell W. Brooks*
Maxwell W. Brooks, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181 x 134
mbrooks@atlaslawcenter.com
*Counsel for Plaintiff*